Gurpreet SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–73697.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2009.

Filed March 20, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. Nev.Rev.Stat. § 338.020.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, Inna Lipkin, Esquire, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Samia Naseem, Norah Ascoli Schwarz, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

MEMORANDUM *

Gurpreet Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (the BIA) affirming an Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 28 U.S.C. § 1291 and deny the petition for review.

When the BIA affirms the IJ's decision but adds additional reasons supporting that decision, we review both decisions, *see Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005), to determine whether they are supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ properly based his finding that Singh was not a credible witness on specific, cogent reasons. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). The IJ noted several problems on the face of the identity documents Singh presented that provide substantial evidence to support his conclusions. *See Lin v. Gonzales,* 434 F.3d 1158, 1164 (9th Cir.2006) (explaining that "judicial experience combined with obvious warning signs of forgery, when articulated on the record, may satisfy the substantial evidence requirement"); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing an IJ to base an adverse credibility finding on

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"any inaccuracies or falsehoods ... without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim"). The extremely brief and vague affidavits presented as further support do not compel a reversal of the IJ's finding of adverse credibility. *See In re J–Y–C–*, 24 I. & N. Dec. 260, 263, 265 (BIA 2007).

The petition for review is **DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.